NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO TRUJILLO, | ) | No. C 11-00522 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| GREG LEWIS, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a California inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

## STATEMENT

Petitioner was found guilty by a jury in Monterey County Superior Court of first degree murder with gang and firearms enhancements, shooting into an occupied vehicle with a gang enhancement, and a gang crime. (Pet. at 2.) On October 25, 2007, Petitioner was sentenced to sixty-five years to life in state prison. (Id.)

Petitioner appealed his conviction, with the state high court denying review. (Id. at 3.) Petitioner filed a state habeas petition in the state superior court which granted Petitioner's claim of double jeopardy, and ordered the trial court to reverse and dismiss count four and vacate sentence thereon. (Id., Ex. E.) Petitioner filed the instant federal petition on March 3, 2011.

## DISCUSSION

### A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.   Petitioner's Claims

As grounds for federal habeas relief, Petitioner claims the following: 1) he was denied his right to present a defense when the trial court excluded a defense expert who would have testified on the unreliability of the witnesses' identifications, (Pet. Attach. at 1); 2) Petitioner was denied his right to confrontation when the trial court admitted evidence from a 2004 booking form without presenting for cross-examination the witness who supplied the information on the form, (id., Attach. at 7); 3) the trial court violated Petitioner's right to due process when it admitted into evidence the transcripts of Petitioner's jailhouse telephonic conversations, (id., Attach. at 10); 4) the trial court deprived Petitioner of due process by denying discovery and excluding evidence concerning a thirty party suspect, (id., Attach. at 16); 5) the trial court erred when it denied discovery of a confidential informant, (id., Attach. at 20); and 6) cumulative effect, (id., Attach. at 22). Liberally construed, Petitioner's claims are cognizable under §

1  2254.  The Court orders Respondent to show cause why the petition should not be
2  granted.

### CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of that the answer is filed.

3. Alternatively, Respondent may, within **sixty (60) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of

1 Change of Address." He must comply with the Court's orders in a timely fashion.
2 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
3 to Federal Rule of Civil Procedure 41(b).
4      IT IS SO ORDERED.
5 DATED: ___6/13/11_____

    _____
    JEREMY FOGEL
6   United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.11\00522Trujillo_osc.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARIO TRUJILLO,

        Petitioner,

  v.

GREG LEWIS, Warden,

        Respondent.
                                        /

Case Number: CV11-00522 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/7/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario Trujillo F-99682
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated:  7/7/11

                                          Richard W. Wieking, Clerk