UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TRUJILLO,<br><br>        Petitioner,<br><br>vs.<br><br>GREG LEWIS, Warden,<br><br>        Respondent. | Case No.: C-11-00522-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART (AND WITHOUT PREJUDICE) MOTION TO EXPAND THE RECORD** |

Petitioner has filed a Motion to Expand the Record relating to four documents or categories of documents ("Motion"). (Dkt. No. 65.) Petitioner seeks to include in the court record documents and trial exhibits that existed before the filing of his petition and were considered by the state court when it rendered its decision. (Motion at 2.) *See* 28 U.S.C.A. § 2254(f) ("If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official."); *see also* Rule 7(b) of the Rules Governing § 2254 Cases.

The specific documents identified by Petitioner are: (1) People's trial exhibit 2-51B; (2) People's trial exhibit 2-52B; (3) the Reporter's and Clerk's Transcripts of the first trial in *People v. Trujillo*; and (4) the transcript(s) of an *in camera* state court hearing on Petitioner's motion to disclose the identity of a confidential informant. (Motion at 1.) As to (4) (hereinafter referred to as the "*In Camera* Transcripts"), Petitioner has never had access to this *in camera* record, which was sealed by the state court. Petitioner requests that the state produce the *In Camera* Transcripts so that they may be filed in this Court under seal. (Motion at 1 & 4.)

Respondent does not object to the inclusion of trial exhibits 2-51B and 2-52B. (Response to Petitioner's Motion to Expand the Record ("Response") (Dkt. No. 67) at 1.) The Court **GRANTS** Petitioner's Motion as to these trial exhibits.

Respondent does not object to the inclusion of the *In Camera* Transcripts, as long as the transcripts remain under seal for the safety of the confidential informant. (Response at 3.) The Court **GRANTS** Petitioner's Motion as to the *In Camera* Transcripts. These transcripts shall be electronically filed under seal and shall not be disclosed to any party or member of the public without further court order.

As to the Clerk's and Reporter's Transcripts of the first trial, Petitioner acknowledges that the transcripts are voluminous. Petitioner contends that the entire record of the first trial is relevant to his habeas corpus claims because the state court considered the offer of proof and argument presented in the transcript of the first trial, and Petitioner refers to this record in his petition and traverse. (Motion at 2; Reply to Opposition to Petitioner's Motion to Expand Record ("Reply") (Dkt. No. 68) at 2.) Respondent objects to this expansion of the record because the first trial transcripts are "irrelevant" to the current petition. (Response at 1.) Specifically, Respondent asserts that during the prior appeal, the Court of Appeal took judicial notice of the first trial records, which were relevant to the issue of double jeopardy. (*Id.* at 2.) The double jeopardy claim was resolved in Petitioner's favor and that claim is not currently before the Court, rendering the first trial transcripts irrelevant. (*Id.*) Respondent also asserts that the Court of Appeal did not refer to evidence adduced at the first trial, but only the trial court's ruling in the second trial. (*Id.*) Moreover, Respondent argues that the first trial record does not support Petitioner's claims of prejudicial error because the second trial proceeded before a different judge, jury, and with a different prosecutor. (*Id.*)

Petitioner responds that the state court need not cite to material that is sought to be included in the record before the Court, and that it is sufficient that the materials be relevant. (Reply at 2.) In addition, Petitioner contends that in this case there is "objective evidence of prejudice" based on "the evidence in the two trials [being] substantially the same and the challenged evidence or rulings occurred only in the trial leading to a conviction." (*Id.*)

Petitioner has not shown how the *entire* Reporter's and Clerk's Transcripts are relevant to issues before the Court. The Court will not expand the record to include the voluminous Reporter's and Clerk's Transcripts, but will entertain an additional motion that specifically identifies the portions relevant to the petition and explains why either *or both* the Reporter's Transcript and Clerk's Transcript is or are likely to contain material information. As to Petitioner's claims of prejudicial error, the Court notes that Petitioner appeals from his conviction in the second trial. Therefore, only the actions of that trial judge and that jury are relevant, and broad claims of some kind of prejudicial error do not justify the inclusion of all of the first trial transcripts.

For the foregoing reasons, the Court **DENIES** Petitioner's Motion with respect to the production of the entire Reporter's and Clerk's Transcripts in the first trial. This denial is **WITHOUT PREJUDICE** to Petitioner filing another motion to expand the record with specific portions of material relevant to the pending petition.

As noted above, the Motion is **GRANTED** as to trial exhibits 2-51B and 2-52B and the *In Camera* Transcripts. The *In Camera* Transcripts shall be electronically filed under seal in accordance with General Order 62 and shall not be disclosed to any party or member of the public without further court order.

This Order terminates Dkt. No. 65.

**IT IS SO ORDERED.**

Dated: September 14, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**